# In the United States Court of Federal Claims

No. 23-231

(Filed: May 19, 2023)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **TEDRIKA L. BING,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) |

TedDrika L. Bing, *pro se*, Seabrook, S.C.[1]

Augustus Golden, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  Appearing with him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Ms. TedDrika L. Bing filed her complaint in this court on February 13, 2023.  Compl., ECF No. 1.  Ms. Bing alleges that the Navy Federal Credit Union ("NFCU") violated 1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, 2) the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-1666j (amending the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f),[2] 3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p,

---

[1] Ms. Bing's first name is spelled both "TedDrika" and "Ted'Drika" in her complaint.  *See* Compl. at 1, ECF No. 1.  Ms. Bing's first name is also occasionally spelled "Teddrika" by the Navy Federal Credit Union ("NFCU") in the exhibit she attaches to her complaint.  *See* Compl. Ex. 1, at 8, ECF 1-1.  The court addresses Ms. Bing as TedDrika Bing.

[2] The Truth in Lending Act (pursuant to which the Consumer Financial Protection Bureau issued Regulation Z) includes the Right of Recission.  *See* 15 U.S.C. §§ 1601-1667f; 15 U.S.C. § 1635; 12 C.F.R. § 1026; *see* Compl. at 4.

the 4) Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985, and 5) the statute involving Conspiracy Against Rights, 18 U.S.C. § 241. Compl. at 1. She alleges five counts including 1) violation of the right of recission, 2) failure to provide notice for validation of debt,[3] 3) failure to correct billing errors, 4) unfair practices including conspiracy against rights, and 5) aggravated identity theft. Compl. at 4-7. Ms. Bing requests monetary damages of $50,000 and non-monetary relief. *See* Compl. at 9.[4] She asks the court to instruct NFCU to rescind the security interest on her credit card, eliminate her credit card balance, unfreeze her debit card and the associated account and mobile app, keep the length of her credit card history on file, report to all consumer reporting agencies that her accounts are in good standing, and acknowledge its violations in writing. Compl. at 9. Finally, Ms. Bing asks the court to "[a]ward [her] relief that the court [d]eems appropriate . . . to [redress] [her] injury . . . under the FCRA, FDCPA[,] [and] FCBA" and to "prevent [additional] unlawful acts" by NFCU. *See* Compl. at 9. Ms. Bing filed a motion to proceed *in forma pauperis* with her complaint. Mot. for Leave to Proceed in Forma Pauperis, ECF No. 2. For good cause shown, the court granted Ms. Bing's motion. Order of Feb. 17, 2023, ECF No. 7.

In response, the government has moved to dismiss Ms. Bing's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Def.'s Mot. to Dismiss"), ECF No. 9. The government contends that Ms. Bing has failed to identify a jurisdictional basis for her claims. Def.'s Mot. to Dismiss at 1. Specifically, the government avers that the court lacks subject-matter jurisdiction because Ms. Bing's complaint brings suit against NFCU, which is a private organization and "not an instrument or agency of the United States." *Id.* at 1. The government also argues that the court lacks subject-matter jurisdiction over the alleged violations of criminal law, civil rights law, and statues that have their own remedial framework as well as her requests for non-monetary relief. *Id.* at 6-8. Ms. Bing filed her response to defendant's motion to dismiss on May 2, 2023. Resp. to Mot. to Dismiss ("Pl.'s Resp."), ECF No 11. The government filed its reply to Ms. Bing's response on May 12, 2023. Def.'s Reply in Supp. of its Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Def.'s Reply"), ECF No 12. The government's motion to dismiss is ready for disposition.

## BACKGROUND[5]

Ms. Bing applied for a line of credit at NFCU, which the credit union opened on June 7, 2019. Compl. at 2. It was an open-ended credit plan. Compl. at 2. On July 22, 2021, she submitted a letter of recission for that line of credit to NFCU. Compl. at 2. The Navy Federal Credit Union subsequently informed Ms. Bing of her continued responsibility to pay her debt. Compl. at 2. Ms. Bing alerted NFCU that it was ignoring her decision to rescind the line of

---

[3] *See* 12 C.F.R. § 1006.34.

[4] In her prayer for relief, Ms. Bing asks the court to award her "[m]onetary compensation of $50,000.00[,] which is double . . . the finance charge [of] the credit card [that was] [opened] [using] [her] social security [number]." Compl. at 9.

[5] The recitations that follow do not constitute findings of fact but rather are recitals attendant to the pending motion and reflect matters drawn from the complaint, an exhibit attached to the complaint, and the motion to dismiss, response, and reply.

credit. Compl. at 2. Regardless, NFCU continued to apply late fees and interest payments to Ms. Bing's account and did not inform credit bureaus of Ms. Bing's decision to rescind her line of credit. Compl. at 2.

On August 24, 2021, Ms. Bing filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). Compl. at 3. The Navy Federal Credit Union responded to Ms. Bing's CFPB complaint, stating that her decision to rescind "did not release [her] from the repayment obligations." Compl. at 3. The Navy Federal Credit Union closed the line of credit, reporting a balance of $20,593.72. Compl. at 3. Ms. Bing then filed multiple complaints against NFCU with CFPB, the National Credit Union Administration ("NCUA"), State Attorney General, and Federal Trade Commission ("FTC"). Compl. at 3.[6] During this time, Ms. Bing also asked NFCU to provide her with her "original indebtedness form" and offered to pay her balance if NFCU could provide the requested form. Compl. at 3.[7] Later in 2022, NFCU denied Ms. Bing access to and froze her account,[8] transferred funds to a closed account without her consent, declined a debit card transaction, withheld her 2021 state tax return, declined payments despite receiving monthly deposits, and applied late and overdraft fees to the account despite there being money in it. Compl. at 4.

In January 2023, NFCU sent "private mail publicly" that showed that Ms. Bing attempted to make or made a transfer of funds to a closed account. Compl. at 4. Ms. Bing subsequently filed a complaint against NFCU for aggravated identity theft with NCUA. Compl. at 4. Ms. Bing received additional "private mail publicly" showing that her account was permanently closed, her balance was $20,372.36, and she was responsible for her balance. Compl. at 4. Ms. Bing avers that NFCU has not verified her balance in the way she asked. Compl. at 4.[9]

## STANDARDS FOR DECISION

"Jurisdiction must be established as a threshold matter before the court may proceed with the merits of this or any other action." *OTI America, Inc. v. United States*, 68 Fed. Cl. 108, 113 (2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998)). The court must dismiss a claim over which it lacks subject-matter jurisdiction. *See* RCFC 12(b)(1); RCFC 12(h)(3). A plaintiff bears the burden of proving by a preponderance of the evidence that the

---

[6] Ms. Bing also submitted a complaint to the Securities and Exchange Commission ("SEC"), which in turn suggested she "report [her] issues to NCUA[] and CFPB." Compl. at 4.

[7] The Navy Federal Credit Union sent Ms. Bing a package on June 28, 2022 that contained allegedly "invalid documents." Compl. at 3. Neither Ms. Bing's complaint nor response to the government's motion to dismiss identify what these documents were or why they were invalid.

[8] The Navy Federal Credit Union informed Ms. Bing that she was denied access to her account and it was frozen because of the "level of risk." Compl. at 4.

[9] In its motion to dismiss, the government states that "[it] does not admit the accuracy of Ms. Bing's factual allegations but accepts them for the purposes of this motion." Def.'s Mot. to Dismiss at 2 n.3.

court has subject-matter jurisdiction over her claim. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). In determining whether jurisdiction exists, the court must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). While filings by *pro se* plaintiffs are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this leniency "with respect to mere formalities does not relieve them of jurisdictional requirements." *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

The Tucker Act confers this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This court possesses jurisdiction over claims against the United States, not over claims against private parties, local, county, or state agencies, or the United States' officers or any other individuals, for example. *See United States v. Sherwood*, 312 U.S. 584, 588-89 (1941); *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997); *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Regardless of whether a plaintiff names the United States as the defendant, the court has jurisdiction over the claim only if the United States is in fact implicated by the plaintiff's allegations. *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997). In addition, because the Tucker Act does not establish substantive rights, a plaintiff seeking to establish this court's jurisdiction under the Act must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

## JURISDICTION

For jurisdiction to exist, Ms. Bing must have alleged a "claim against the United States." *See* 28 U.S.C. § 1491(a)(1); RCFC 4 Rules Committee Note, 2002 Revision ("only the United States is properly the named defendant"); RCFC 10(a) (a complaint in this court must "designate[]" "the United States" "as the party defendant"). Instead, Ms. Bing alleges a claim against NFCU. Ms. Bing contends that her claims are directed at the United States because NFCU is required to comply with federal laws, is regulated by the United States, including FTC and SEC, and is chartered with and insured by NCUA. *See* Pl.'s Resp. at 1-2. The government emphasizes that Ms. Bing's claims are against NFCU which is a private entity and therefore is not part of the United States government. Def.'s Mot. to Dismiss at 5; Def.'s Reply at 1-3.

Because Ms. Bing alleges claims against NFCU, which is not part of the United States, the court lacks subject-matter jurisdiction over this suit. Ms. Bing's complaint alleges that NFCU violated her rights regarding a line of credit she opened at the credit union. *See* Compl. at 2-9. Despite the case caption on the docket, Ms. Bing's complaint only alleges violations by NFCU, not the United States. *See generally* Compl.[10] Although NFCU serves "the military,

---

[10] Ms. Bing's complaint also names NFCU, as a defendant in the case caption. *See* Compl. at 1.

4

veterans[,] and their families," is regulated by the United States, and is chartered with and insured by NCUA, it is not a component of the United States or its agent.  *See* Def.'s Mot. to Dismiss at 5; Def.'s Reply at 1-3; Compl. at 1; NFCU, *About Navy Federal Credit Union*, https://www.navyfederal.org/about.html (last visited May 19, 2023); NCUA, *About NCUA*, https://ncua.gov/about (last visited May 19, 2023).  The Navy Federal Credit Union is a credit union and therefore it is a "member-owned . . . not-for-profit," not the United States.  *See* Def.'s Mot. to Dismiss at 5 (quoting NFCU, *supra* at 4-5); NFCU, 2022 Navy Federal Credit Union Annual Report (2022), https://www.navyfederal.org/content/dam/nfculibs/pdfs/membership/2022-annual-report.pdf.  The court must dismiss Ms. Bing's claim for lack of subject-matter jurisdiction.[11]

## CONCLUSION

Accordingly, the government's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction is GRANTED.

The Clerk shall dismiss plaintiff's complaint for lack of subject-matter jurisdiction.  The Clerk is directed to enter judgment in favor of the defendant.

---

[11] The court lacks subject-matter jurisdiction over Ms. Bing's requests for non-monetary damages.  Compl. at 9; *Brown*, 105 F.3d at 623.  Additionally, the court lacks subject-matter jurisdiction over three categories of Ms. Bing's claims.  First, Ms. Bing alleges that NFCU violated 18 U.S.C. § 241, which is a criminal statute.  Compl. at 6; 18 U.S.C. § 241.  The court does not have subject-jurisdiction over violations of criminal statutes.  *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Adams v. United States*, No. 07-809C, 2008 WL 4725452, at *2 (Fed. Cl. July 16, 2008).  Second, Ms. Bing alleges that NFCU violated 42 U.S.C. § 1985, which is a civil rights claim.  Compl. at 1.  This court does not have jurisdiction over civil rights claims under 42 U.S.C. § 1985.  *Willis v. United States*, 96 Fed. Cl. 467, 470 (2011); 28 U.S.C. §1343(a); *see Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005).  Third, Ms. Bing alleges that NFCU violated FCRA, FCBA, and FDCPA.  Compl. at 1.  "Statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act."  *United States v. Bormes*, 568 U.S. 6, 13-14 (2012).  Each of these acts includes its own remedial framework.  For example, "FCRA gave jurisdiction 'to any appropriate United States district court'— which . . . [is] a forum unavailable under the Tucker Act for claims over $10,000."  *Metzinger v. Dep't of Veterans Affs.*, 20 F.4th 778, 783-84 (Fed. Cir. 2021) (quoting 15 U.S.C. § 1681p).  Similarly, FCBA states that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction."  15 U.S.C. § 1640(e).  Finally, FDCPA provides "civil remedies [available] in federal district court."  *Cox v. United States*, 105 Fed. Cl. 213, 217-18 (2012).  Therefore, this court does not have jurisdiction over Ms. Bing's FCRA, FCBA, or FDCPA claims.

No costs.

It is so **ORDERED**.

                                                <u>s/ Charles F. Lettow</u>
                                                Charles F. Lettow
                                                Senior Judge